BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                                          Case No.  23-11064 (MG)

    ACQUAFREDDA ENTERPRISES LLC,                                  Chapter 11

                                    Debtor.

------------------------------------------------------------x

### DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK              )
                               ) ss.:
COUNTY OF BRONX                )

I, Susan Acquafredda, declare under penalty of perjury as follows:

1. I am a managing member of Acquafredda Enterprises, LLC (the "**Debtor**").

2. I am filing this declaration in support of the bankruptcy filing of Debtor, pursuant to local bankruptcy rule 1007-2.

3. The Debtor was formed on February 2, 1998, for the purpose of owning and developing property located at 3093 Casler Place, Bronx, NY, 3095 Casler Place, Bronx, NY and 3094 Dare Place, Bronx, NY the "**Properties**").

4. The Debtor obtained a $1.8 million construction loan from Hudson Valley Bank ("HVB") which merged with Sterling National Bank ("Sterling"). The loan was utilized

to construct three two family homes located in the Throggs Neck section of the Bronx. This loan and mortgage was ultimately assigned to Avail 1 LLC ("Avail").

5. The Debtor also entered into a loan and mortgage with HVB for approximately $85,000, relating to curing a default in payment which was assigned to CL45 MW Loan 1, LLC which obtained a judgment against Debtor. On or about March 13, 2023, the judgment was assigned to MMG Investments II, LLC with a stated amount of $104,725.85

6. The Debtor asserts that HVB/Sterling wrongfully paid the contractor who once paid in full abandoned the job without obtaining a certificate of occupancy, rendering the Debtor unable to generate the rental income needed to repay the construction loan.

7. Extensive litigation has followed with the Debtor asserting that HVB/Sterling's wrongful acts damaged Debtor in an amount equal to the lost rents over the years, attorneys fees and out of pocket expenses. See *Acquafredda Enterprises LLC v. Sterling National Bank, et. al.* (index no. 300162/2016).

8. Judge Gomez has ordered a settlement conference for July 17, 2023.

9. Additionally, a mediation is scheduled with Sterling in the near future. **See attached Affirmation of Michael Drezin.**

10. It is my belief that a substantial settlement will result and that such funds would be sufficient to fund a reorganization of Debtor.

11. I submit this declaration in accordance with Local Bankruptcy Rule 1007-2 (the "**Declaration**"), on behalf of the Debtor in connection with its petition, exhibits and schedules filed, or to be filed in its Chapter 11 bankruptcy, for the purpose of apprising the Court and parties in interest of the circumstances that compelled the commencement of this case and in support of (i) Debtor's chapter 11 petition filed on July 5, 2023 (the

"**Petition**"), and (ii) the motions and applications that the Debtor has filed, or will file, with the Court.

12. The Debtor previously filed two Chapter 11 Petitions as follows:

    a. Case # 13-10269 (CGM)

    b. Case # 18-12419 (SHL)

13. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith, and I am familiar with the facts alleged and any relief requested therein.

14. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

## BACKGROUND OF THE DEBTOR AND IT'S BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

15. The Debtor was formed under the laws of the State of New York on February 2, 1998, for the purpose of constructing three houses which it intended to rent to pay the mortgage.

## DEBTOR'S DEBT, CAPITAL STRUCTURE AND MANAGEMENT

16. This bankruptcy was filed to stop a foreclosure sale of the Properties set for July 10, 2023. As stated above a related case against Sterling for a contract action is moving towards conclusion in Bronx Supreme which if successful could result in sufficient funding for the Debtor to Reorganize.

17. The Debtor on or about June 22, 2007, entered into a Consolidated Construction Loan Mortgage Note with Hudson Valley Bank in the amount of $1,800,000. A second loan and mortgage was entered into for approximately $85,000, which is now held by MMG Investments II, LLC. A commercial foreclosure action commenced on August 1, 2011, in Bronx Supreme Court based on the Debtor's alleged default in payment. Debtor then filed a breach of contract against the original mortgagee HVB under Index no. 300162/2016 (the "**Contract Action**").

18. On May 10, 2018, Avail was granted a Judgment of Foreclosure and Sale.

19. Debtor filed for bankruptcy on August 9, 2018 which case was ultimately dismissed on May 22 2020.

20. The Debtor believes it will be successful in its Contract Action and be able to reorganize.

21. Debtor has no employees.

## OBJECTIVES OF THE CHAPTER 11 CASE.

22. The Debtor intends to conclude the litigation in the Contract Action.

23. Debtor believes if it can have a respite from the sale it will be able to obtain judgment against Sterling or settle with Sterling providing sufficient funding to reorganize.

**b. LR 1007-2(a)(2)**

24. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

25. No creditor's committee has been formed to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

26. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under

11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

27. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B".**

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

28. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**g. Publicly Held Securities. LR 1007-(2)(a)(7).**

29. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

30. The Debtor operates from 3098 Dare Place, Bronx, NY 10465.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

31. The Debtor's assets and books and records are located at: 3098 Dare Place, Bronx, NY 10465.

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

32. The known open actions against Debtor are as follows:

   a. *CL45MW Loan 1, LLC v. Acquafredda Enterprises, LLC et. al.* (index no. 380880/2011E)(Bronx Supreme). Second Mortgage Judgment.

   b. *AVAIL 1 LLC v. AQUAFREDDA ENTERPRISES LLC et al* (index no. 380881/2011E) (Bronx Supreme). First Mortgage Judgment.

    c. *Kevin Gilliland, et. al. v. Acquafredda Enterprises, et. al.* (Index No.: 30083/2009)

In addition, the Debtor brought the following action which it intends to continue to prosecute:

    a. *Aquafredda Enterprises LLC v Sterling National Bank, et. al.* (index no. 300162/16E)(Bronx Supreme). Contract Action by Debtor.

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

33. The Debtor's senior management is Susan Acquafredda, the managing member.

**l. Additional Information if Business is to Continue. LR 1007-(2)(b)(1) and (2).**

34. The Debtor needs to complete the litigation against Sterling.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

35. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is $0. A receiver is in place that has been collecting the rents and paying the expenses of the Debtor.

**n. Conclusion**

36. The Debtor submits that it has the requisite components to formulate a confirmable and feasible liquidation plan.

37. The Debtor believes it is in the best interests of all its creditors that it be afforded an opportunity to reorganize pursuant to Chapter 11.

Pursuant to 28 USC section 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

**Dated: July 5, 2023**

                                  /s/ Susan Acquafreeda
                                  Susan Acquafreeda, Managing Member

## EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

**Gino O Longo**
**12920 20th Ave**
**College Point, NY 11356**

**Susan Acquafredda**
**3098 Dare Place**
**Bronx, NY 10465**

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

**Aval 1, LLC**
**C/O Margolin & Weinreb Law Group LLC**
**165 Eileen Way, Ste 101**
**Syosset, NY 11791**                                                              $3,561,87125

**MMG Investments II, LLC**
**c/o Midwest Servicing 4 LLC**
**3144 S Winton Road**
**Rochester, NY 14623**                                                            $104,725.85

# EXHIBIT C

**The following chart is based on the Debtor's principal best estimate as to values and liabilities.**

### ASSETS

| | |
|---|---|
| 3098 Dare Place, Bronx, NY | $ 1,000,000.00 |
| 3093 Casler Place, Bronx, NY | $ 900,000.00 |
| 3095 Casler Place, Bronx, NY | $ 1,000,000.00 |
| 3094 Dare Place, Bronx, NY | $ 900,000.00 |
| Lot, Block 0529, Lot 492 | $ 450,000.00 |
| Contract Claim | $6,000,000.00* |
| Cash Deposits | 100 |
| total | $10,250,000.00 |

### LIABILITIES

**Secured**

| | |
|---|---|
| Avail 1, LLC | $3,561,000.00** |
| MMG Investments II, LLC | $ 104,726.00** |

**Unsecured**

| | |
|---|---|
| General Unsecured | $ 69,242.00 |
| Susan Acquafredda (insider) | $1,442,129.00 |
| total | $5,177,097.00 |

*The Contract Claim is still being litigated and it is unknown as to its actual value. The amount stated is approximately the amount that Debtor is seeking in the Court Action.

**The Loan amounts do not include additional interest at the judgment rate that may apply.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
----------------------------------------------------------x
ACQUAFREDDA ENTERPRISES LLC

                Plaintiff                    AFFIRMATION

           -against –

                                Index No: 300162/2016

STERLING NATIONAL BANK and
VFC PARTNERS 19 LLC
AVIL 1, LLC. and CL45 MW LOAN 1 LLC

                Defendants
----------------------------------------------------------x

    Michael Drezin, an attorney duly admitted to practice law in the courts of the state of New York, affirms the truth of the following information and belief under the pain and penalty of perjury:

1.     I am counsel to the plaintiff, Acquafredda Enterprises LLC, and as such, I am fully familiar with the facts and circumstances heretofore had herein. The source of my information for this affirmation is a review of the file maintained by my office for the prosecution of this action.

2.     The above caption action is scheduled to be mediated under the direction of the Bronx Supreme Court; however, I cannot provide documentation on point.

3.     Presumably, by mistake, a court order was issued having Acquafredda mediate with the foreclosing party, which, given the July 10th sale date and Acquafredda's present inability to pay the amount due, declined to mediate.

4.     The need for a further court order was avoided when Sterling's counsel agreed to mediate the dispute between it and Acquafredda Enterprises.

5.     According to a conversation today, mediator Richard Janvey of Diamond McCarthy LLP will propose mediation dates within the next few days. The firms

address is 295 Madison Avenue, Suite 1102, New York, New York 10007.

_____
Michael Drezin

Affirmed this 5th day of July 2023