HudsonBRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

Hudson
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

ACQUAFREDDA ENTERPRISES, LCC,

Debtor

Case No. 23-11064 (MG)
Chapter 11

-----------------------------------------------------------

### DEBTOR'S MOTION FOR AN ORDER TO COMPEL RECEIVER TO TURNOVER PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 543

BRONSON LAW OFFICES, P.C. (the "**Firm**") on behalf of Acquafredda Enterprises, LLC, the above-referenced debtor and debtor in possession (the "**Debtor**"), seeks entry of an order compelling the turnover of property of the estate and financial records (the "**Motion**") from the court appointed a receiver, John Brickman, Esq (the "**Receiver**") pursuant to 11 U.S.C. §§ 543 (a) and (b). In support thereof the Debtor respectfully states as follows:

### BACKGROUND AND FACTS

1. Acquafredda Enterprises, LLC, is the debtor and remains debtor-in-possession. To date, no trustee, examiner or statutory creditors' committee has been appointed in the Debtor's chapter 11 case.

2.  Debtor remains debtor-in-possession pursuant to 11 U.S.C.§§ 1107 and 1108.

3.  Acquafredda Enterprises, LLC ("**Debtor**") filed for Chapter 11 on July 5, 2023 (the "**Petition Date**").

4.  The Debtor owns the properties at 3093 Casler Place, Bronx, NY, 3095 Casler Place, Bronx, NY and 3094 Dare Place, Bronx, NY (the "**Properties**").

5.  The Properties are subject to a mortgage now held by Avail 1 LLC (the "**Secured Lender**").

6.  The Secured Lender's predecessor in interest brought a now disposed foreclosure action in the Supreme Court of the County of Bronx at Index No. 380881/2011. In the foreclosure action on September 14, 2017, the court appointed a receiver, John Brickman, Esq (the "**Receiver**").

7.  On July 26, 2023, Counsel for the Debtor made a formal demand for turnover of the property of the estate in the Receiver's possession as well as the bank statements and reports he is required to maintain. The Receiver refused to comply

8.  As outlined in the attached affidavit of H. Bruce Bronson, "**Exhibit 1**", and exhibits thereto, the Reciever is in possession of property of the estate that is central to the reorganization of the Debtor.

9.  Additionally, the Receiver has not complied with the turnover requirements of Section 543(a) and (b)

10. Entering the Order to Show Cause will allow the Debtor to preserve the property of the estate and succeed in reorganization under chapter 11.

11. The Debtor will immediately e-mail a copy of this Motion with exhibits and Proposed Order to Show Cause on the Reciever and the Secured Lender:

John M. Brickman
McLaughlin & Stern, LLP
1122 Franklin Avenue, 3rd Floor
Garden City, New York 11530
JBrickman@mclaughlinstern.com

Avail 1 LLC
c/o Margolin, Weinreb & Nierer, LLC
165 Eileen Way, Suite 101
Syosset, New York 11791
andrew@nyfclaw.com

12. Accordingly, the Debtor respectfully requests that the Court enter an order, in the form attached hereto directing the Receiver to turn over all property of the estate and all records in connection therewith and grant such relief as this Court deems just and proper.

## THE BANKRUPTCY CODE REQUIRES THE RECEIVER TO TURNOVER THE PROPERTY OF THE ESTATE ON DEMAND

State court receivers are "custodians" within the meaning of the Bankruptcy Code. 11 U.S.C. § 101(11)(A); *accord In re Snergy Properties, Inc.,* 130 Bankr. 700, 703 (Bankr. S.D.N.Y. 1991); *In re Posadas Assocs.,* 127 Bankr. 278, 280 n.6 (Bankr. D.N.M. 1991). "Once the receiver becomes aware of the filing of the petition, including an involuntary petition, he cannot make any further disbursements or take any action except to do what is necessary to preserve the property, 11 U.S.C. § 543(a); he must deliver to the trustee any property of the debtor, 11 U.S.C. § 543(b)(1); and he must file an accounting. 11 U.S.C. § 543(b)(2); Fed. R. Bankr. P. 6002(a)." *In re 245 Assocs.*, 188 B.R. 743, 748 (Bankr. S.D.N.Y. 1995).

Section 543 (a) and (b) of the Bankruptcy Code mandates a "custodian" to turn over to the bankruptcy trustee or debtor-in-possession any property of the debtor that is in the possession, custody or control of the non-bank custodian. *In re Powers Aero Marine Services, Inc.,* 42 Bankr. 540, 543 (Bankr. S.D. Tex. 1984); *accord In re Constable Plaza Associates, L.P.,* 125 Bankr. 98, 103 (Bankr. S.D.N.Y. 1991); *Dill v. Dime Sav. Bank, FSB (In re Dill)*, 163 B.R. 221, 225 (E.D.N.Y. 1994).

Section 543(d)(1) permits the bankruptcy court in its discretion to excuse a custodian's strict compliance with the turnover provisions of section 543 (a) and (b). However, Section 543(d)(1) explicitly requires notice and a hearing. As such, in order to seek this exception, the Receiver was required to bring a motion to be approved by the Court. In many cases such motions require evidentiary hearings for the Court to determine that the creditors would be better served by the Receiver than the Debtor. At the very least there should be a hearing where the Debtor has an opportunity to present its case. *Dill v. Dime Sav. Bank, FSB (In re Dill)*, 163 B.R. 221 (E.D.N.Y. 1994).

A Court considering whether to exercise its discretion under section 543(d)(1) may consider several factors indicative of whether the interests of creditors would be better served. These factors have evolved to include: (1) whether there will be sufficient income to fund a successful reorganization; (2) whether the debtor will use the turnover property for the benefit of the creditors; (3) whether there has been mismanagement by the debtor; (4) whether or not there are avoidance issues raised with respect to property retained by a receiver, because a receiver does not possess avoiding powers for the benefit of the estate; and (5) the fact that the bankruptcy automatic stay has deactivated the state court receivership action. *See Id* citing *Constable Plaza Associates,* 125 Bankr.

10

at 103-04 (citing cases); *In re Northgate Terrace Apartments, Ltd.,* 117 Bankr. 328, 332 (Bankr. S.D. Ohio 1990); *Powers Aero Marine Services,* 42 Bankr. at 544-45; *In re CCN Realty Corp.,* 19 Bankr. 526,

The Declaration of the Debtor's managing member attached to Exhibit 1, the Affirmation of Debtor's Counsel, details the many material failures of this Receiver to comply with his obligations under the state court's order appointing him. The Declaration demonstrates that the property of the estate would better serve the creditors in the hands of the Debtor than the receiver who does not keep accurate records or actively collect the rents.

The declaration outlines each of the *Constable* factors. It establishes that there is sufficient income to pay creditors and the Debtor would pay the creditors if it was in possession of the rents. Specifically, the Debtor's secured lender has a motion for relief from stay pending and the Debtor requires the rent in the possession of the Receiver to make adequate protection payments. The mismanagement in this case has been by the Receiver, not the Debtor and by the terms of the state court order the receiver was intended to be a temporary receiver. Accordingly, even if the Receiver had made the proper motion to retain the property of the estate, the Receiver should not be granted an exception to the requirements of 11 U.S.C. §§543 (a) and(b). *In re Constable Plaza Assocs. L.P.*, 125 B.R. 98 (Bankr. S.D.N.Y. 1991).

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in the form attached hereto, demanding release of property of the estate and records to the Debtor, and grant such relief as this Court deems just and proper.

Dated: Harrison, NY
August 10, 2023

**BRONSON LAW OFFICES, P.C.**

/s/ *H. Bruce Bronson*
H. Bruce Bronson, Esq.