UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YOR

| | |
|---|---|
| In re:<br><br>ACQUAFREDDA ENTERPRISES, LLC<br><br>Debtor. | Chapter 11<br><br>Case No. 23-11064 (MG) |

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of the above-captioned debtor and debtor in possession (the "Debtor"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petition on July 5, 2023 (the "Filing Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before November 9, 2023; and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before January 1, 2024 (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York One Bowling Green, New York, NY 10004-1408;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) Any claim that heretofore has been allowed by Order of this Court;

2

  (d)  Any claim that has been paid in full by the Debtor;

  (e)  Any claim for which different specific deadlines have previously been fixed by this Court;

  (f)  Any claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, except as otherwise provided below;

**ORDERED,** Claims under section 503(b)(9) must be filed by the deadlines set forth in this Order, and it is further;

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interest, <u>provided, however</u>, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to

3

file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

(a) The United States Trustee;

(b) Counsel to each official committee;

(c) All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d) All persons or entities that have filed claims;

(e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtor;

(g) All parties to litigation with the Debtor;

(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

      (i)     Such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

**IT IS SO ORDERED.**

Dated: September 26, 2023
       New York, New York

                                                **/s/ Martin Glenn**
                                                MARTIN GLENN
                                    Chief United States Bankruptcy Judge